# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV81 LMB |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are a myriad of filings from plaintiff, including several motions related to discovery [Doc. #8 and #12], what appears to be a motion for reconsideration of the partial dismissal of several defendants from this action [Doc. #10], an amended complaint [Doc. #17], a motion for extension of time to pay the initial partial filing fee [Doc. #13], motions for appointment of counsel [Doc. #7 and #24], two requests for injunctions [Doc. #15 and #22] and several motions to add parties [Doc. #11, #16, #21 and #25]. Plaintiff has also filed several supplemental documents, presumably in support of his amended complaint. See, e.g., Doc. #9 and #14.

Given the sheer number of filings before the Court and the piecemeal manner in which plaintiff is attempting to add parties and claims in this action, the Court will attempt to bring cohesion to the present lawsuit by ordering the plaintiff

to file a second amended complaint. In light of this fact, many of plaintiff's motions will be denied without prejudice. Moreover, because it is not at all clear that the allegations contained in plaintiff's requests for injunctions are connected to the allegations in the current complaint, plaintiff's motions for injunctive relief will be denied at this time.

**Procedural Background**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed the instant action pursuant to 42 U.S.C. § 1983 on May 5, 2011. Because plaintiff sought leave to proceed in forma pauperis, the Court reviewed plaintiff's complaint for frivolousness, maliciousness and/or failure to state a claim, pursuant to 28 U.S.C. § 1915.

In his original complaint, plaintiff named the following as defendants: Michael Hakala (doctor, Correctional Medical Services ("CMS")); John Matthews (HIV Specialist, CMS); Becky Lizenbee (nurse, CMS); Jeffery Norman (Warden); Terry Roger (Asst. Warden); Omer Clark (Deputy Warden); Kimberly Sterling (nurse, CMS); Terry Mitchell; Amanda Gibson and Lacey Derrickson.

In his original complaint, plaintiff asserted that he is HIV positive, a recognized disability under the Americans with Disabilities Act ("ADA"), and that defendants Hakala, Matthews and Lizenbee have noticed a decline in his

bloodwork but refused his request to provide him with an adjustment to his medication. Plaintiff asserted that on one occasion, defendant Sterling failed and refused to give him his medication for HIV. Plaintiff also appeared to assert that the aforementioned defendants retaliated against him unlawfully under the ADA as a result of his disease.

Plaintiff additionally asserted that defendants Norman, Roger and Clark failed to intervene with the medical decisions made by defendants Hakala, Matthews and Lizenbee, despite his complaints. Plaintiff failed to make any allegations against defendants Mitchell, Gibson or Derrickson in his original complaint.

Pursuant to 28 U.S.C. § 1915, the Court dismissed defendants Norman, Roger and Clark from the action, as the claims against these defendants sounded in respondeat superior. Similarly, plaintiff's failure to make specific allegations against defendants Mitchell, Gibson or Derrickson allowed dismissal of these defendants from the lawsuit as well. However, the Court ordered the Clerk to serve process on defendants Hakala, Matthews, Lizenbee and Sterling for deliberate indifference to plaintiff's serious medical needs and for retaliation/discrimination under the ADA. These defendants have been served and filed an Answer to the complaint on July 18, 2011.

**Discussion**

1.  **Plaintiff's Motion for Reconsideration of the Dismissal of Defendants Mitchell, Gibson, Derrickson, Norman, Clark and Roger [Doc. #10] and His Motions to Add Parties [Doc. #11, #16, #21 and #25]**

Plaintiff seeks reconsideration of this Court's May 19, 2011 dismissal of his allegations against defendants Mitchell, Gibson, Derrickson, Norman, Clark and Roger. In his motion, plaintiff lists specific dates he believes the nurses have denied him his HIV medication, and he argues that the supervisory defendants should not have been dismissed because he could have made allegations against them for failing to properly supervise the medical defendants.[1]

In addition to his assertion that the aforementioned defendants should be reinstated, plaintiff also seeks to add the following defendants to this action: Lynette Williams (nurse, CMS)[2], George Lombardi (Commissioner, Missouri Department of Corrections); Taylor Ruth (Director of Nursing, SECC); and Stephanie Novak (Former Director of Nursing, SECC). It appears that plaintiff wishes to add Ms. Williams for denial of medical treatment on certain specific occasions, much like his claims against defendant Sterling.

---

[1] These claims were not included in the actual complaint.

[2] Although plaintiff has not formally indicated that he wishes to add Ms. Williams as a defendant, he has made allegations against Ms. Williams for the denial of medical treatment in Document #10.

However, it appears that defendants Lombardi, Ruth and Novak are supervisory defendants or persons who denied his grievances. As plaintiff has previously been told, liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, it is highly unlikely that plaintiff will be able to make a claim against these supervisory defendants.

Regardless, as plaintiff will be required to file a second amended complaint which will supersede his previous pleadings, his motions to add parties and for reconsideration of the partial dismissal will be denied without prejudice. To the extent that plaintiff wants to add these claims and parties in his second amended complaint, he may do so. However, plaintiff should be aware that these claims and these additional defendants will only survive to the extent that his claims against these individuals are non-frivolous and legally state a claim. After

plaintiff files his second amended complaint, the Court will undertake a review of the pleading pursuant to 28 U.S.C. § 1915 and may dismiss any frivolous portions of his second amended complaint.

**2.     The Second Amended Complaint**

As noted above, plaintiff has attempted to amend his proceedings through the filing of several different motions and supplements. It appears as though plaintiff is attempting to amend his complaint by interlineation, or requesting that the Court add additional claims and parties to this action without providing the Court with a pleading which includes all of the claims he wishes to pursue in this action.

Although the Court will allow plaintiff leave to amend his complaint, it will not accept plaintiff's attempts to amend by interlineation. **All** claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.

Accordingly, the Court will order plaintiff to file a second amended complaint in this action. Plaintiff must, however, follow the Court's instructions relating to the filing of his second amended complaint, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly state all of the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct.  Plaintiff's failure to make <u>specific and actionable allegations</u> against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint.  Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original complaint and the amended complaint, and claims that are not re-alleged are deemed abandoned.  <u>E.g.</u>, <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file the second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

It is worth repeating that after the filing of plaintiff's second amended complaint, the Court will review the pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

3.  **Plaintiff's Motions for Discovery [Doc. #8 and #12]**

Because the Court has ordered plaintiff to file a second amended complaint in this matter, the Court will deny plaintiff's motions for discovery without prejudice. After plaintiff files his second amended complaint, and the Court reviews the pleading pursuant to 28 U.S.C. § 1915, process will be issued on the pleading. Only after defendants have answered and a Case Management Order ("CMO") has been entered in the case can discovery begin. In other words, the Court will not entertain any discovery motions until process has been effectuated and a CMO has been entered. The CMO will set out specific guidelines for discovery. To the extent that plaintiff wishes to seek discovery in excess of what is allowed for under the CMO, he will have to seek leave to do so.

4.  **Plaintiff's Motions for Injunction [Doc. #15 and #22]**

In his motions for injunctive relief, plaintiff states that he is losing weight and requests that the Court order defendants to provide him with "two Ensures per

day and double trays." Plaintiff states that he has "lost his appetite," that his weight has fluctuated around 130 pounds and that defendants Hakala and Mathews refuse to put him on Ensure. Plaintiff has not articulated how his alleged weight loss is connected to his claims regarding defendants' purported failure to provide him with the "proper HIV medication." Nor has plaintiff clearly enunciated how he believes the relief he requests for additional food and supplements will remedy his situation.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. <u>Dataphase Sys. V. CL Sys.</u>, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." <u>Watkins, Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the <u>Dataphase</u> factors." <u>Id.</u>

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

As noted, it is not entirely clear how plaintiff's alleged weight loss is in any way associated with his claims of denial of "proper HIV medications." Of course, there may well be such an association, but it is plaintiff's burden to clearly show one, and he has failed to do so in this instance. Additionally, plaintiff has not shown how providing him with double trays or supplements will remedy his "loss of appetite," or the presumed irreparable harm of additional weight loss. Indeed, he states that defendants (medical providers) are aware of the his health conditions and have told him that putting him on supplements and giving him double trays will not remedy his conditions.

Plaintiff needs to understand the difference between deliberate indifference to serious medical needs and mere disagreement with treatment decisions. While the former violates the Constitution, the latter does not rise to the level of a constitutional violation. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). It is not an easy matter for the Court to substitute its own medical judgment for the judgment exercised by trained providers. In order for the Court to do so, plaintiff must provide some prevailing argument showing that if his

request for relief (additional food and supplements) is not granted, he will suffer irreparable harm (presumably the loss of additional weight and other serious medical conditions). He has failed to do so in this instance. Consequently, the motions for injunctions will be denied.

5.      **Plaintiff's Motions for Appointment of Counsel [Doc. #7 and #24]**

Asserting that he has a "learning disability," plaintiff seeks appointment of counsel on his behalf. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover, despite plaintiff's assertions regarding his

learning disability, he has been able to prepare and file a myriad of documents on his own behalf. As such, the Court will deny plaintiff's motions for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's May 19, 2011 dismissal of defendants Gibson, Mitchell, Norman, Roger, Clark and Derrickson [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee of $3.83 [Doc. #13] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice. **Plaintiff will not be given any additional extensions of time to pay the initial partial filing fee without good cause being shown.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, **<u>no later than thirty (30) days from the date of this Order</u>**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, it will be subject to review under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motions to add parties [Doc. #11, #16, #21 and #25] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery [Doc. #8 and #12] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctions [Doc. #15 and #22] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #7 and #24] are **DENIED** without prejudice.

Dated this  9th   day of August, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE