# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV81 LMB |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are approximately twenty-two (22) motions filed by plaintiff, two motions and various responses filed by defendants, and an amended complaint and several documents that plaintiff plainly intends to be supplements to his complaint. Of the twenty-two (22) motions filed by plaintiff, fifteen (15) relate to discovery [Doc. #34, #48, #49, #51, #55, #61, #62, #63, #64, #65, #66, #67, #68, #69 and #71], one represents plaintiff's third motion for appointment of counsel [Doc. #38], one seeks to add, by interlineation, an additional defendant to this action [Doc. #31], and five seek preliminary injunctive relief [Doc. #37, #47, #50, #52, and #53]. Although defendants have responded to several of plaintiff's motions, the two defense motions before the Court include a motion to strike plaintiff's interrogatories. [Doc. #40] and a motion for extension of time to respond to plaintiff's interrogatories [Doc. #74].

Prior to taking up the plethora of filings, the Court will review plaintiff's second amended complaint, pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim.[1]

### Discussion

**1. The Second Amended Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.

---

[1] Due to the piecemeal manner in which plaintiff was attempting to add parties and claims in this action, on August 9, 2011, the Court ordered plaintiff to file a cohesive second amended complaint. Because the August 9, 2011 Memorandum and Order contains a full explanation of the procedural history in this case, the Court will delve directly into plaintiff's second amended complaint.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA")[2]. In his second amended complaint [Doc. #36][3], plaintiff names as defendants Michael

---

[2] Although it is far from clear, plaintiff may also be asserting a claim for discrimination under the Rehabilitation Act for denial of proper medical care.

[3] The various "supplements" plaintiff has filed in this case are not considered part of his second amended complaint, per this Court's August 9, 2011 Memorandum and Order. Thus, plaintiff's only allegations presently before this Court are outlined in Docket No. 36.

Hakala (doctor, Correctional Medical Services ("CMS")), John Matthews (HIV Specialist, CMS), Amanda Gibson (nurse, CMS), Terrye Mitchell (nurse, CMS), Kimberly Sterling (nurse, CMS), Lacy Derrickson and Ruth Taylor (Director of Nursing, CMS). Also named as defendants in the body of plaintiff's second amended complaint are CMS nurses Lynette Williams and Stephanie Novak.

Plaintiff claims that he is HIV positive, a recognized disability under the ADA, and that on several specific occasions he has been denied medication by defendant nurses Gibson, Mitchell, Sterling, Derrickson and Williams.

Plaintiff claims that defendants Taylor and Novak, supervisory nurses employed by CMS, acted with deliberate indifference to his serious medical needs when they failed to properly supervise the nurse defendants in their administration of the medications once they knew that plaintiff was not receiving his medications.

Plaintiff claims generally that defendants Gibson, Mitchell, Derrickson, Sterling, Hakala and Matthews violated his rights under the ADA and § 1983 when they failed to provide him with proper treatment for his HIV. Plaintiff also appears to assert that these defendants acted in a retaliatory manner in denying him the proper treatment after he filed grievances related to their purported deliberate indifference.

Lastly, plaintiff claims that he has lost weight and been denied Ensure, asserting that this violates his right to "humane conditions of confinement." Plaintiff

does not state which of the defendants are purportedly responsible for denying him Ensures, and he does not state how the denial of Ensures is a constitutional violation, in and of itself. Plaintiff merely alleges that he has lost weight and should have been provided with Ensures by some unknown defendant in order to counteract this "wasting." Thus, he surmises that the unknown person's failure to provide him with Ensure shows deliberate indifference to his serious medical needs.

All of plaintiff's claims survive initial review under § 1915 except for plaintiff's conclusory claims against an unnamed defendant relating to the denial of Ensure. As plaintiff has failed to articulate how the denial of Ensure resulted in a constitutional violation, and in addition, he has failed to name the individual(s) responsible for said actions, his claims relating to the denial of Ensure and loss of weight are subject to dismissal.

As the claims against the named defendants have survived review under § 1915, the Court will Order the Clerk to effectuate process on the second amended complaint as to these defendants.

**2.     Motions for Injunctive Relief [Doc. #37, #47, #50, #52 and #53]**

In his motions for injunctive relief, plaintiff states that he is losing weight and requests that the Court order defendants to provide him with "two Ensures per day and double trays." Plaintiff states that he has "lost his appetite," that his weight has

fluctuated around 130 pounds and that defendants Hakala and Matthews refuse to put him on Ensure. Plaintiff has not articulated how his alleged weight loss is connected to his claims regarding defendants' purported failure to provide him with the "proper HIV medication." Nor has plaintiff clearly enunciated how he believes the relief he requests for additional food and supplements will remedy his situation.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." Id.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

As noted, it is not entirely clear how plaintiff's alleged weight loss is in any way associated with his claims of denial of "proper HIV medications." Of course, there may well be such an association, but it is plaintiff's burden to clearly show one, and he has failed to do so in this instance. Additionally, plaintiff has not shown how providing him with double trays or supplements will remedy his "loss of appetite," or the presumed irreparable harm of additional weight loss. Indeed, he states that defendants (medical providers) are aware of the his health conditions and have told him that putting him on supplements and giving him double trays will not remedy his conditions.

Defendants have filed an affidavit from Dr. Michael Hakala, plaintiff's treating physician, in response to plaintiff's request for injunctive relief. Defendant Hakala testifies that plaintiff's medical history shows a continuous fluctuation of 3-5 pounds - both upward and downward. Dr. Hakala asserts that plaintiff's weight is currently reflecting an increase, rather than the decrease plaintiff believes to be occurring. In fact, pursuant to plaintiff's weight chart, he has lost only 7 lbs in the past 15 months. Thus, there is no indication that his weight is a matter for emergency injunctive relief.

As the Court cautioned plaintiff in its last Memorandum and Order, plaintiff needs to understand the difference between deliberate indifference to serious medical needs and disagreement with treatment decisions. While the former violates the

Constitution, the latter does not rise to the level of a constitutional violation. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff simply has not provided a cogent argument showing that if his request for relief (additional food and supplements) is not granted, he will suffer irreparable harm (presumably the loss of additional weight and other serious medical conditions). Rather, defendants have shown that plaintiff's weight constantly fluctuates and that he has not suffered a substantial weight loss in the past 15 months.[4] Consequently, the motions for injunctions will be denied.

3. **Motions Relative to Discovery [Doc. #34, #40, #48, #49, #51, #55, #61, #62, #63, #64, #65, #66, #67, #68, #69, #71 and #74]**

The Court specifically stated in its August 9, 2011 Memorandum and Order that it would not entertain any discovery motions until the second amended complaint had been reviewed pursuant to 28 U.S.C. § 1915, process had been effectuated on the second amended complaint **and** a Case Management Order ("CMO") had been entered. As noted by the Court at that time, the CMO will set forth very specific guidelines for discovery in this matter. Because a CMO has not yet been entered in this case, discovery has not officially commenced. Thus, all of plaintiff's discovery

---

[4] Defendants have also provided evidence that they have given plaintiff "diet packs," or extra supplements, when medically called for.

motions will be denied, without prejudice. And defendants' motion to strike plaintiff's interrogatories will be granted, given that plaintiff's interrogatories are premature.[5] Should plaintiff file any additional discovery motions prior to the filing of the CMO, these motions will also be denied without prejudice, pursuant to this Memorandum and Order.

Moreover, the Court will remind plaintiff that although he is representing himself pro se, he is still obligated to read and follow this Court's Orders and both the Local Rules and the Federal Rules of Civil Procedure. Enumerated in the rules are specific procedures that must be accomplished before discovery motions should be filed with the Court. Just as an example, this Court will not entertain a discovery motion unless the movant has shown, by documentary evidence, that he has conferred in good faith with the opposing party and tried to resolve a discovery dispute without court action. See, e.g., Fed.R.Civ.P. 37(a) and L.R. 37-3.04.

4. **Plaintiff's Third Motion for Appointment of Counsel [Doc. #38]**

Asserting that he has a "learning disability," plaintiff seeks appointment of counsel on his behalf. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004

---

[5]Defendants' motion for extension of time to respond to plaintiff's interrogatories [Doc. #74] will be denied as moot, given that plaintiff has not been granted leave to begin discovery in this matter.

(8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover, despite plaintiff's assertions regarding his learning disability, he has been able to prepare and file a plethora of documents on his own behalf. As such, the Court will deny plaintiff's motions for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to defendants Michael Hakala, John Matthews, Amanda Gibson, Terrye Mitchell, Kimberly Sterling, Lacy Derrickson, Ruth Taylor, Stephanie Novak and Lynette Williams.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Michael Hakala, John Matthews, Amanda Gibson, Terrye Mitchell, Kimberly Sterling, Lacy Derrickson, Ruth Taylor, Stephanie Novak and Lynette Williams shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claim against some unnamed defendant for loss of weight/denial of Ensure will be dismissed as it is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to add a party [Doc. #31] is **DENIED AS MOOT** given the filing of the second amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief [Doc. #37, #47, #50, #52 and #53] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery [Doc. #34, #48, #49, #51, #55, #61, #62, #63, #64, #65, #66, #67, #68, #69 and #71] are **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's prematurely-served interrogatories [Doc. #40] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to respond to plaintiff's interrogatories is **DENIED AS MOOT**, given that plaintiff has not yet been granted leave to propound discovery in this matter.

**IT IS FURTHER ORDERED** that plaintiff's third motion for appointment of counsel [Doc. #38] is **DENIED**.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  6th  day of October, 2011.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE