UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:11CV81 LMB |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

The following motions filed by plaintiff are presently pending before the court: two motions to compel (Docs. No. 294, 297); a "Motion in Suggestions" (Doc. No. 304); and a motion to file an amended complaint (Doc. No. 296). Also pending is Defendants' Motion to Strike Plaintiff's Motion in Suggestions (Doc. No. 304). (Doc. No. 305). The Court will discuss these motions in turn.

**1.     Motions to Compel**

On January 3, 2013, plaintiff filed a motion to compel defendants to produce copies of up-to-date medical records, lab results, and a copy of medical protocol for treating HIV/AIDS patients. (Doc. No. 294). Plaintiff states that he mailed defendants his motion to produce these documents on December 5, 2012, and defendants had not produced any documents. Plaintiff further states that he wrote defendants a good faith letter, and that he had still not received the requested documents.

Defendants filed a Response to plaintiff's motion, in which they state that they received plaintiff's supplemental Request for Production of Documents on December 20, 2012. (Doc. No. 295). Defendants state that plaintiff sent his good faith letter to defendants on December 23,

2012, a mere three days after defendants received plaintiff's discovery requests. Defendants contend that plaintiff's motion to compel and good faith letter are premature and inappropriate.

On January 17, 2013, plaintiff filed a second, duplicate motion to compel, in which he states that he still has not received the documents he requested on December 5, 2012. (Doc. No. 297).

In a Response dated January 24, 2013, defendants again state that they received plaintiff's discovery requests on December 20, 2012, and that their responses were due thirty days later, on January 20, 2013. Defendants state that January 20, 2013 was a Saturday, and the following Monday, January 21, 2013, was a federal holiday. Defendants state that they timely placed their responses to plaintiff's discovery requests in the mail on Tuesday, January 22, 2013. Defendants therefore request that the court deny plaintiff's motions to compel as moot.

Having been advised by defendants that the requested discovery was timely provided, the court will deny plaintiff's motions to compel as moot.

**2.    Motion in Suggestion**

On February 12, 2013, plaintiff filed a "Motion in Suggestions," in which he provides argument in support of his claims but requests no specific relief. (Doc. No. 304). Defendant has filed a Motion to Strike Plaintiff's Motion in Suggestions. (Doc. No. 305).

Plaintiff's motion fails to comply with the requirements of Rule 7 as previously set out by this court, and was improperly filed. Thus, this document will be stricken.

**3.    Motion to Amend**

On January 16, 2013, plaintiff filed a Motion for Leave to File an Amended Complaint, in which he requests leave to amend his complaint to "add correct dates and year, as well as all the

correct names of all the defendant[s] who are involve[ed] in denying plaintiff his HIV/AIDS medications, as well as state to this court how being denied Ensures are connected to being denied his HIV/AIDS medications." (Doc. No. 296).

Defendants have filed Suggestions in Opposition to plaintiff's motion to amend. (Doc. No. 301). Defendants note that this is plaintiff's fifth attempt to amend his pleadings, and that similar requests to amend have been denied by this court. Defendants state that plaintiff has failed to allege that he has discovered new information not previously available to him. Defendants argue that they will be prejudiced if the court grants plaintiff's motion to leave at this stage of the litigation.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the courts "should freely give leave [to amend pleadings] when justice so requires." Under this liberal amendment policy, denial of leave to amend pleadings is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)). Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment. Sanders, 823 F.2d at 217. "The burden of proof of prejudice is on the party opposing the amendment." Id.

Plaintiff was warned prior to the filing of his second amended complaint that he should include all of the claims he wished to pursue against all of the defendants he wished to proceed. Plaintiff has been told on numerous occasions that he would not be allowed to amend his

-3-

pleadings by interlineation.  The court has denied similar attempts by plaintiff to amend his complaint.  (Doc. No. 203).

Plaintiff has offered no explanation as to why he did not include the information he seeks to add now in his second amended complaint.  At the time plaintiff filed his motion to amend, the November 29, 2012 deadline for filing dispositive motions had already expired.[1]  Defendants have filed a motion for summary judgment, and would be prejudiced if plaintiff were permitted to amend his complaint at this late stage of the litigation.  Thus, plaintiff's motion to amend will be denied.

Accordingly,

---

[1] This deadline was subsequently extended to March 25, 2013.  (Doc. No. 298).

**IT IS HEREBY ORDERED** that plaintiff's motions to compel (Docs. No. 294, 297) be and they are **denied**.

**IT IS FURTHER ORDERED** that "Defendants' Motion to Strike Plaintiff's Motion in Suggestions (Doc. No. 304)" (Doc. No. 305) be and it is **granted**.

**IT IS FURTHER ORDERED** that Docket Number 304 be and it is **STRICKEN FROM THE RECORD** as improperly filed.

**IT IS FURTHER ORDERED** that plaintiff's motion to file an Amended Complaint (Doc. No. 296) be and it is **denied**.

Dated this  9th  day of September, 2013.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE